IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

|  |  |  |
|---|---|---|
| | § | |
| SHERRIE GLENN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:17-cv-00016-O-BP |
| | § | |
| VENDOR RESOURCE | § | |
| MANAGEMENT and JPMORGAN | § | |
| CHASE BANK, N.A., | § | |
| | § | |
| Defendants. | § | |
| | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendant Vendor Resource Management's Motion to Dismiss for Plaintiff's Failure to State a Claim (ECF No. 6) and Brief in Support (ECF No. 7), both filed on March 1, 2017. Plaintiff has not filed a response to the Motion. This case was referred to the undersigned for pretrial management pursuant to Special Order No. 3-251.

Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned RECOMMENDS that United States District Judge Reed O'Connor GRANT Defendant Vendor Resource Management's Motion to Dismiss (ECF No. 6) and DISMISS Plaintiff's claims against Vendor Resource Management with prejudice.

I.    BACKGROUND

Sherrie Glenn ("Plaintiff") brings this action seeking damages for dual tracking violations under 12 C.F.R. § 1024.41(g) and a stay to preclude the post-foreclosure eviction from the real property located at 2102 Wenonah Ave, Wichita Falls, Texas 76309 (the "Property"). ECF No. 1-3. Plaintiff, along with her late husband Gordon Ross Glenn, executed a Deed of Trust to secure

payment of a Note in the principal sum of $78,500 for the Property on March 18, 1998. ECF No. 7 at 3. After the Note went into default, Defendant JPMorgan Chase Bank, the servicer of the loan, initiated foreclosure proceedings. *Id.* The Property was auctioned at a foreclosure sale on June 7, 2016 for $78,036.13. *Id.* The sale was memorialized in a Substitute Trustee's Deed and recorded in the real property records of Wichita County, Texas. *Id.* Title to the property was transferred to the Secretary of Veterans Affairs ("VA") via a Special Warranty Deed. *Id.* The VA then referred the property to Defendant Vendor Resource Management ("VRM"), as authorized agent, to secure possession of the Property. *Id.*

VRM filed suit for forcible detainer in Justice of the Peace Court, Precinct 1, Place 1 of Wichita Falls County, Texas. *Id.* at 3-4. The court entered judgment awarding possession of the Property to VRM on behalf of the VA on October 5, 2016. *Id.* at 4. Plaintiff appealed the judgment to the 78th District Court of Wichita County, Texas. *Id.* On or around November 11, 2016, Plaintiff filed her Third-Party and First Amended Original Petition and Request for Restraining Order, which the state court severed on January 19, 2017 and which Defendants removed to this Court on February 21, 2017. ECF Nos. 1, 1-3. Defendant VRM now moves to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiff failed to state any facts in her petition supporting a claim under 12 U.S.C. § 2605(f).

## II.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Accordingly, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Bell Atl. Corp.*, 550 U.S. at 547). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

"Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Therefore, in ruling on a motion to dismiss, courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## III.   ANALYSIS

Plaintiff alleges that Defendant JPMorgan Chase Bank committed dual tracking of the loan in violation of federal law, and that VRM is also liable to her. "Dual tracking is the term given to

situations in which the lender actively pursues foreclosure while simultaneously considering the borrower for loss mitigation options." *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 (5th Cir. 2016). Title 12 of the Code of Federal Regulations, section 1024.41(f) "prohibits dual tracking, and [section] 1024.41(a) expressly provides for a private right of action in the event the lender violates the provision." *Id.* Defendant VRM contends that Plaintiff asserts dual tracking claims solely against Defendant JPMorgan Chase Bank and that the remainder of the Petition fails to allege any legally sufficient claims against VRM specifically. ECF No. 7 at 5-6. The Court agrees.

Even if Plaintiff's Petition asserted a dual tracking claim against VRM for violations of 12 C.F.R. § 1024.41(f), the claim would fail as a matter of law. "[Real Estate Settlement Procedures Act, (RESPA)] governs the obligations and relationship between borrower and mortgage servicer." *Rodriguez v. Bank of Am. N.A.*, No. 4:16-CV-194, 2016 WL 4718177, at *4 (S.D. Tex. Aug. 8, 2016), *report and recommendation adopted*, No. 4:16-CV-194, 2016 WL 4718195 (S.D. Tex. Sept. 8, 2016); *see* 12 U.S.C. § 2605, *et seq.*; 12 C.F.R. § 1024.41. Similar to the facts in *Rodriguez*, Defendant VRM was neither a borrower nor a mortgage servicer in the transaction at issue. *See Rodriguez*, 2016 WL 4718177, at *4. Instead, it was acting on behalf of the third party purchaser of the Property at the foreclosure sale. Consequently, any RESPA claim for dual tracking potentially alleged against Defendant VRM would fail as a matter of law.

Furthermore, Plaintiff's Petition fails to assert any other legally supportable claim against Defendant VRM. The Petition states that Defendant JPMorgan Chase Bank failed to provide notice required under Section 51.002(d) of the Texas Property Code and committed dual tracking of the loan. ECF No. 1-2 at 5. It references the notice given by VRM about the sale of the Property to the VA and the lawsuit filed by VRM against Plaintiff for her eviction. *Id.* at 5-6. The Petition further

states that VRM dismissed the first suit for eviction on August 15, 2016 and then filed a second

eviction action on September 14, 2016. *Id.* at 6. Finally, the Petition notes that VRM sought and

obtained a Writ and Judgment of Possession on October 4, 2016. *Id.* None of these allegations

supports a viable cause of action against VRM.

Plaintiff does request that the Court enter a temporary injunction pending the outcome of

this matter, which would prohibit VRM from evicting Plaintiff from the Property or selling the

Property. *Id.* However, an injunction is a remedy that must be supported by an underlying cause

of action, without which the claims for injunctive relief must be dismissed. *Crook v. Galaviz*, 616

F. App'x 747, 753 (5th Cir. 2015). Therefore, Plaintiff's request for a temporary injunction cannot

be construed as a stand-alone claim to survive Defendant VRM's Motion and should be dismissed.

## IV.    CONCLUSION

Because Plaintiff has not alleged a legally valid cause of action against VRM, the

undersigned RECOMMENDS that Judge O'Connor GRANT Defendant Vendor Resource

Management's Motion to Dismiss for Plaintiff's Failure to State a Claim (ECF No. 6) and

DISMISS Plaintiff's claims against VRM with prejudice.

A copy of this findings, conclusions, and recommendation shall be served on all parties in

the manner provided by law. Any party who objects to any part of this findings, conclusions, and

recommendation must file specific written objections within 14 days after being served with a

copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state

the basis for the objection, and specify the place in the magistrate judge's findings, conclusions,

and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996) (en banc).

     Signed April 7, 2017.

 

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE